Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Debtor
Rudra Investments, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re | Case No. 22-30275 |
|---|---|
| RUDRA INVESTMENTS, LLC | Chapter 11 |
| Debtor. | **DECLARATION OF HITESH PATEL IN SUPPORT OF CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION** |
| | **Date:** December 8, 2022<br>**Time:** 10:00 a.m. |
| | **Remote appearances only.** |
| | *Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic* |

I, Hitesh Patel, declare as follows:

1. I am the Manager of Rudra Investments, LLC, a Delaware Limited Liability Company, the debtor and debtor in possession ("Debtor" or "Rudra") in the above-referenced chapter 11 case (the "Case"). I make this declaration in support of confirmation of Debtor's Plan of Reorganization (the "Plan"). I am familiar with the operation of the Debtor's operations, its business affairs and the Plan. If called as a witness, I could and would testify competently to the facts stated herein.

2. Based on consultation with Debtor's counsel and for the reasons set forth below, I believe the Plan meets the Bankruptcy Code's requirements for confirmation and should be confirmed. The Debtor received no objections to confirmation.

**Debtors' Creditors and Voting on the Plan:**

3. Debtor filed bankruptcy to avoid the impending foreclosure by its secured creditors or similar conduct through pending state court litigation. The primary creditors are the secured debts of: Sonoma County for property taxes, CPIF California, LLC ("CPIF") as the holder of the first deed of trust against Debtor's Holiday Inn Express hotel in Santa Rosa (the "Hotel"), HDDA, LLC ("HDDA") with a claim secured against Debtor's furniture, fixtures and equipment and the Hotel, and Ascentium Capital ("Ascentium") with a secured claim against specified equipment used in the Hotel's operations.

4. In addition to the above secured debt, Debtor had various unsecured debt. The largest two unsecured creditors are the Small Business Administration and an insurance broker, Kapadia Insurance.

5. The ballot summary will be separately filed with the Court. Under the Plan, there were five impaired classes, consisting of the four secured creditors and the general unsecured creditors. Under the Plan, CPIF and HDDA agreed to significant discounts on their claims if Debtor can promptly sell the Hotel through the efforts of CBRE. All impaired classes have voted to accept the Plan. No creditors voted to reject the Plan and there were no objections filed to confirmation.

**Compliance with the Bankruptcy Code:**

6. Based on consultation with Debtor's counsel, to the best of my knowledge, the Plan complies with the applicable provisions of the Bankruptcy Code.

7. To the best of my knowledge, Debtor complied with the Bankruptcy Code with respect to its solicitation of acceptances of the Plan.

8. To the best of my knowledge, the Plan is proposed in good faith and not by any means prohibited by law.

9. The payments to be made under the Plan are approved by, or subject to the approval of this Court.

PATEL DECLARATION RE CONFIRMATION                                                    2

10. All the Debtor's officers shall remain the same subsequent to confirmation and their compensation shall not change from the salaries disclosed in the Statement of Financial Affairs.

11. As noted above, all of the impaired classes have accepted the Plan.

12. To the best of my knowledge, the Plan meets the "best interests" test, as unsecured creditors will receive far more under the Plan than they would if Debtor's case were converted to a Chapter 7. The liquidation analysis provided in the Plan is a summary that I believe accurately reflects what would be recovered in a Chapter 7 case. Simply put, without the significant concessions made by CPIF and HDDA, there is no chance of the other creditors obtaining any distribution.

13. To the best of my knowledge, the Plan is feasible. CBRE was appointed by this Court to market the Hotel and has been actively marketing the Hotel since September 2022. Debtor has until May 31, 2023 to close a sale of the Hotel, though it hopes to be able to close a sale well prior to that date to take full advantage of the discounts in the agreement with CPIF. Based on discussions with CBRE, I believe various parties are interested in a potential acquisition of the Hotel, though the amount they ultimately are willing to pay is not yet known. As set forth in the October 2022 Monthly Operating Report, Debtor has adequate funds on hand to make any Effective Date payments and to continue making the monthly payments called for under the Plan.

14. All administrative fees and claims required to be paid, have been paid or will be paid on the Effective Date of the Plan, or upon their allowance, whichever comes later. Debtor has adequate funds on hand to pay its administrative claims when allowed, and any unpaid U.S. Trustee's fees.

15. Debtor also has adequate funds on hand to pay any priority claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 5th day of December 2022 in San Francisco, California.

                                                              /s/ Hitesh Patel
                                                              Hitesh Patel